IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-064 |
| | * | |
| KATHY BUFFINGTON | * | |

**O R D E R**

On December 16, 2016, Defendant Kathy Buffington pled guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. On February 2, 2017, Buffington was sentenced to 60 months' imprisonment, three years of supervised release, a fine of $2,000, and a $100 special assessment. Buffington is currently incarcerated at the Federal Prison Camp in Alderson, West Virginia, a facility recommended in her Judgment and Commitment Order. (Doc. 40, at 2.)

Presently, Buffington moves this Court to recommend to the Bureau of Prisons ("BOP") that her last twelve months be served in a community correctional facility; more specifically, six months at a Residential Reentry Center, i.e., a halfway house, and six months of home confinement. (Doc. 51.)

Once a federal court has imposed a sentence, the BOP assumes legal authority over the offender. Only the BOP can designate the place of an inmate's imprisonment. See 18 U.S.C. § 3621(b). The Eleventh Circuit has stated that the BOP should be afforded wide discretion in classifying and housing prisoners. United States v. Ramdeo, 705 F. App'x 839 (11th Cir. 2017). Under 18 U.S.C. § 3624(c), the BOP may grant pre-release custody to an inmate, which would allow her to serve a portion of her federal sentence in the community, whether by home confinement or in a community correctional facility. The BOP considers five factors listed in § 3621(b), as well as the guidelines in § 3621(c)(1), to make an individual determination on each inmate. One of the factors relevant here is "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).

In this case, the Court set forth its reasons for the sentence imposed on the record at the sentencing hearing and recommended the Alderson facility. The Court did not make a recommendation on pre-release custody. It is the Court's considered view that the BOP is much better positioned to evaluate the individual circumstances of an inmate to include her accomplishments, behavior record and other mitigating

factors. While this Court commends Buffington's initiative in filing the motion and in her stated desire to become a productive member of society at the earliest opportunity, this Court will not offer an opinion - one way or another - as to Buffington's suitability for pre-release custody. The Court will leave this eligibility determination to the experienced discretion of the BOP.

Upon the foregoing, Buffington's motion for a recommendation from this Court (doc. 51) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___29th___ day of June, 2018.

J. RANDAL HALL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF GEORGIA